IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GRIXI MENDEZ, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-10-1755 |
| § | |
| ANADARKO PETROLEUM § | |
| CORPORATION, *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND OPINION**

**I.     Background**

The RED HAWK Spar, a floating oil-production facility, sits in over 5,000 feet of water in the Gulf of Mexico approximately 210 miles from Sabine Pass, Texas.[1] The Spar is located on the outer continental shelf. The two states closest to the Spar are Texas and Louisiana. Since 2004, six anchors sunk into the ocean floor have held it in place. Grixi Mendez, an Anadarko Petroleum Corp. employee, was injured while working on the RED HAWK Spar on April 8, 2008. After his injury, Mendez applied for benefits under the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 901, *et seq.* (Docket Entry No. 41-3, Decl. of Gary Sylvester ¶ 3). As of September 28, 2010, Mendez had received $61,268 in medical expenses and $133,246 in compensation payments. (*Id.*).

Mendez sued Anadarko in Texas state court, seeking benefits under the Jones Act, 45 U.S.C. § 51, *et seq.* (Docket Entry No. 1, Ex. C). Anadarko removed on the basis that Mendez was not a

---

[1] The RED HAWK Spar's characteristics are set out more fully in this court's November 9 Memorandum and Order. (Docket Entry No. 40).

Jones Act seaman because the RED HAWK Spar was not a "vessel" for the purposes of that Act. (Docket Entry No. 1). Mendez moved to remand, (Docket Entry No. 26), and Anadarko responded, (Docket Entry No. 28). On October 29, 2010, at the conclusion of a hearing at which counsel presented oral argument on the amended motion to remand and response, this court held that based on the pleadings, the motions and responses, the extensive record evidence, the arguments of counsel, and the applicable law, the RED HAWK Spar was not a vessel for the purposes of the Jones Act and remand was not appropriate. This court entered its written Memorandum and Opinion on November 9. (Docket Entry No. 40).

On November 18, 2010, Anadarko moved for summary judgment on the basis that Mendez has received all the compensation for his injuries he is entitled to under the LHWCA, precluding suit to recover damages for those injuries. (Docket Entry No. 41). Mendez does not dispute Anadarko's argument. Instead, Mendez argues that this court should reconsider the November 9 Memorandum and Opinion and find that the Spar was a vessel and that he was a Jones Act seaman. Mendez also presents a new basis for his argument that this case was improperly removed. Based on the motion, the response, the pleadings, the record, and the relevant law, Mendez's motions for reconsideration and remand are denied, and Anadarko's motion for summary judgment is granted. Final judgment is entered by a separate order. The reasons for these rulings are set out below.

**II.     Mendez's Arguments for Reconsidering the Finding and Conclusion that the Spar is Not a Vessel**

Instead of disputing the merits of Anadarko's argument, Mendez argues that this court should reconsider its determination that the RED HAWK Spar is not a Jones Act vessel. The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004); *see also St. Paul Mercury Ins. Co.*

*v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997).  Reconsideration motions are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b).  *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998).  Rule 59(e) governs when the reconsideration motion is filed within 28 days of the challenged order or when the motion seeks reconsideration of an interlocutory order.  *Steadfast Ins. Co. v. SMX 98, Inc.*, Civ. A. No. H-06-2736, 2009 WL 3190452 (S.D. Tex. Sept. 28, 2009) (drawing the line at 10 days instead of 28 days because the case was decided before the amendments to Rule 59 took effect on December 1, 2009).  Because the order denying remand is an interlocutory order, Rule 59(e) applies.  ("The denial of a motion to remand is an interlocutory order . . . ." *Alvarez v. Midland Credit Mgmt., Inc.*, 585 F.3d 890, 893 (5th Cir. 2009) (citing *Aaron v. Nat'l Union Fire Ins. Co. of Pittsburg, Pa.*, 876 F.2d 1157, 1160 (5th Cir. 1989)).

A Rule 59(e) motion "calls into question the correctness of a judgment."  *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).  "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'"  *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).  The Fifth Circuit warns that altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly.  *Templet*, 367 F.3d at 479; *see also* 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed. 1995).  The Rule 59(e) standard "favors denial of motions to alter or amend a judgment."  *S. Constructors*

*Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

Mendez argues that remand is necessary because "the overwhelming evidence before the court illustrates that Anadarko's RED HAWK spar is a vessel, capable of transportation along navigable waters." (Docket Entry No. 42 at 1). Mendez relies on the same evidence he put forward in favor of remand, (*Id.* at 2 n.1), and provides no new arguments. This court carefully considered the evidence and arguments in holding that the Spar was not a vessel as courts have defined that term under the Jones Act. (Docket Entry No. 40). Although Rule 59(e) does not require reconsideration, this court has reconsidered the arguments Mendez makes in light of the record. Based on that renewed review, this court reaches the same conclusion, that that the RED HAWK spar is not a Jones Act vessel. As a result, Mendez's Jones Act claim did not bar removal to federal court. This basis for resisting Anadarko's summary judgment motion fails.

## II.     Mendez's New Argument for Remand

In moving for remand, Mendez originally argued that his state-court petition contained a claim under the Jones Act, preventing removal. *See Holmes v. Atl. Sounding Co., Inc.*, 437 F.3d 441, 445 (5th Cir. 2006) (citing *Burchett v. Cargill, Inc.*, 48 F.3d 173, 175 (5th Cir. 1995)). This court held that the Jones Act claim did not bar removal and reconsideration does not change the result. Mendez now asserts a new argument for remand, that the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1331 *et seq.*, does not provide a basis for removal and there is no other federal claim.

Under 42 U.S.C. § 1441(b), a defendant may remove:

> [a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any

4

>other such action shall be removable only if none of the parties in
>interest properly joined and served as defendants is a citizen of the
>State in which such action is brought.

Anadarko based its removal on the OCSLA. (Docket Entry No. 1). No other claim in the state-court petition provide a basis for removal. Finding that the Jones Act claim was improperly asserted removes a bar to removal but does not provide a basis for removal. *Hufnagel v. Omega Serv. Indus., Inc.*, 182 F.3d 340, 348 (5th Cir. 1999). The only other claims in Mendez's petition were maritime claims, and "[i]t is well-established that maritime claims do not 'aris[e] under the Constitution, treaties or laws of the United States' for purposes of federal question and removal jurisdiction." *Tenn. Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 153 (5th Cir. 1996) (quoting 28 U.S.C. § 1331) (citing *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 377–79 (1959)) (alteration in original). Unlike Jones Act claims, however, maritime claims in a state-court suit do not prevent removal. *Id.* at 153.

Mendez argues that removal was improper under § 1441(b) because his petition asserted no claim "arising under the Constitution, treaties or laws of the United States" and Anadarko is a citizen of Texas, "the state in which [the] action was brought." Mendez argues that the OCSLA claims did not provide a basis for removal and that there was no other removable claim asserted.

The OCSLA provides federal "jurisdiction of cases and controversies arising out of, or in connection with any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals." 43 U.S.C. § 1349(b)(1)(A). The Fifth Circuit has noted, but not decided, the issue of whether § 1349 provides a basis for removal, describing it as a "conundrum." *Id.* at 156; *see also Hufnagel*, 182 F.3d at 351. In *Tennessee Gas*, it was unnecessary to reach the issue because the defendant was not a citizen of the state in which the suit

was filed. 87 F.3d at 156. The *Hufnagel* court did not decide the issue because a Louisiana state-law claim, made applicable federal law by the OCSLA, allowed removal. 182 F.3d at 351 (citing 43 U.S.C. § 1333(a)(2)(A)). District courts within the Fifth Circuit are split on the issue. *Compare Bulen v. Hall-Houston Oil Co.*, 953 F.Supp. 141, 144–45 (E.D. La. 1997) (where admiralty and OCSLA claims overlap, substantive maritime law applies and OCSLA does not provide basis for removal); *Courts v. Accu-Coat Services, Inc.*, 948 F.Supp. 592, 595 (W.D. La.1996) (remanding maritime claims); *Fogleman v. Tidewater Barges, Inc.*, 747 F. Supp. 348, 355–56 (E.D. La. 1990) (OCSLA cannot provide federal removal jurisdiction if the claim is governed by maritime law) *with Stokes v. Petroleum Helicopters*, Civ. A. No. 97-0508, 1997 WL 695557 (E.D. La. 1997) (holding that OCSLA transformed state-law claims into claims arising under federal law for removal purposes); *Broussard v. John E. Graham & Sons*, 798 F. Supp. 370, 374 (M.D. La. 1992) (finding diversity of citizenship irrelevant if OCSLA applied).

Mendez's argument is unavailing because it comes too late. Under 28 U.S.C. § 1447(c), the provision that governs motions to remand after removal, the amount of time a party has to move for remand depends on the nature of the objection to removal:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). The purpose of the thirty-day rule is "to resolve the choice of forum at the early stages of litigation, and to prevent the shuffling of cases between state and federal courts after the first thirty days." *N. Calif. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995) (quoting *Maniar v. FDIC*, 979 F.2d 782, 785, 786 (9th Cir. 1992)

(quoting *FDIC v. Loyd*, 955 F.2d 316, 322 (5th Cir. 1992))) (quotation marks and brackets omitted); *see also Alter v. Bell Helicopter Textron, Inc.*, 944 F. Supp. 531, 535 (S.D. Tex. 1996) ("Strict enforcement serves the policy behind section 1447(c), to prevent a party who is aware of a defect in removal procedure from using the defect as insurance against later unfavorable developments in federal court.") (citing *In re Shell Oil Co.*, 932 F.2d 1518, 1522–23 (5th Cir. 1991); 14A WRIGHT, MILLER & COOPER § 3739 at 261) (intenal quotations omitted). "[A] district court has no discretion to remand to state court when a motion to do so is grounded on improper removal procedures and that motion is not made within thirty days following filing: Under such circumstances, the objection to remove jurisdiction resulting from a defect in the removal procedure is waived." *Pavone v. Miss. Riverboat Amusement Corp.*, 52 F.3d 560, 566 (5th Cir. 1995). "Federal courts strictly observe the thirty-day deadline for filing motions to remand." *Alter*, 944 F. Supp. at 535 (citing *Shell Oil*, 932 F.2d at 1522–23 (holding that remand was precluded when the motion to remand was filed thirty-three days after the removal notice); *Elder v. Wal-Mart Stores, Inc.*, 751 F. Supp. 639, 640 (E.D. La. 1990) (thirty-one days)). Courts have held a party cannot raise a defect in removal procedure first identified more than thirty days after the notice of removal, even when the party has filed a motion to remand within the thirty-day period. *See, e.g.*, *Council of Laborers*, 69 F.3d at 1038 ("[T]he critical date is not when a motion to remand is filed, but when the moving party asserts a procedural defect as a basis for remand."); *Davis v. Ciba-Geigy Corp.*, 958 F. Supp. 264, 266 (M.D. La. 1997) (denying remand when the procedural defect was first identified in a reply brief filed over two months after removal).

Mendez's argument that this court should remand relies on § 1441(b). Mendez's motion refers to the § 1441(b) defect as a jurisdictional defect. (Docket Entry No. 42 ¶ 15). Improper

7

removal under § 1441(b) is a procedural defect subject to the thirty-day deadline, not a subject-matter jurisdictional defect. *Albarado v. S. Pac. Transp. Co.*, 199 F.3d 762, 766 (5th Cir. 1999) ("[A] statutory restriction against removal, *i.e.*, 28 U.S.C. § § 1145(a) and (c) or 28 U.S.C. § 1441(b), is a procedural defect."); *see also In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 393 (5th Cir. 2009); *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1543–46 (5th Cir. 1991); *Shell Oil*, 932 F.2d at 1523. Anadarko filed its notice of removal on March 14, 2010. (Docket Entry No. 1). Mendez did not make its argument for remand for improper removal under § 1441(b) until December 9, nearly nine months after the case's removal. This court cannot consider Mendez's new argument to remand based on improper removal.

"Despite a federal trial court's threshold denial of a motion to remand, if, at the end of the day and case, a *jurisdictional* defect remains uncured, the judgment must be vacated." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 76–77 (1996) (emphasis in original) (citing FED. R. CIV. P. 12(h)(3)). There is no question that OCSLA provides "jurisdiction of cases and controversies arising out of, or in connection with any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals." 43 U.S.C. § 1349(b)(1)(A); *see also Tenn. Gas*, 87 F.3d at 155 ("We have no difficulty in deciding that § 1349 grants original jurisdiction in federal court . . . ."). The jurisdictional grant is "very broad," providing jurisdiction where the case would not have arisen "but for" the operations. *Tenn. Gas* at 154, 155. The RED HAWK Spar, on which Mendez sustained his injuries, "was constructed to aid in the 'development' of minerals," making jurisdiction proper. *See id.* at 154. Moreover, this court has jurisdiction over the case under 28 U.S.C. § 1333(1), which "gives district courts original jurisdiction over 'any civil case of admiralty or maritime jurisdiction.'" *Casas v. U.S. Joiner, LLC*, 372 F. App'x 440, 441 (5th Cir.

2010) (quoting 28 U.S.C. § 1333(1)). This court has subject matter jurisdiction.

### III. Anadarko's Motion for Summary Judgment

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *See Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

When the moving party has met its Rule 56(a) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied

by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

Anadarko argues that summary judgment is appropriate because it has paid all amounts due under the LHWCA, which bars suits by injured workers when employers comply with the Act. The LHCWA "provides nonseaman maritime workers . . . with no-fault workers' compensation claims . . . against their employer . . . for injury and death." *Norfolk Shibuilding & Drydock Corp. v. Garris*, 532 U.S. 811, 818 (2001). "Under the LHWCA, an injured worker is ordinarily barred from bringing a civil action against his or her employer." *Brown v. Forest Oil Corp.*, 29 F.3d 966, 970 (5th Cir. 1994) (citing 33 U.S.C. § 905(a)). If an employer fails to pay the compensation required by the LHWCA, the employee's right to sue is restored. *Id.* Anadarko submitted an affidavit by Gary Sylvester, one of its senior risk analysts. (Docket Entry No. 41-3). Sylvester stated that as of September 28, 2010, Mendez had "received approximately $133,246 in indemnity wages and $61,268 worth of paid medical care. To date, he continues to receive these benefits." (*Id.* ¶ 3). Mendez does not dispute that he has received all benefits to which he is entitled under the LHWCA. The § 905(a) exclusivity provision applies. Anadarko is entitled to summary judgment.

**IV.    Conclusion**

Anadarko's motion for summary judgment is granted. Final judgment is entered by separate

order.

       SIGNED on December 20, 2010, at Houston, Texas.

                                    Lee H. Rosenthal
                                 United States District Judge